J-A19015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
       :
       v.        :
       :
       :
MAURICE CHAMBERS        :
       :
       Appellant        :        No. 3547 EDA 2019

Appeal from the Judgment of Sentence Entered May 24, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004073-2017

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.:        **FILED SEPTEMBER 18, 2020**

Appellant, Maurice Chambers, appeals *nunc pro tunc* from the judgment of sentence entered following his negotiated guilty plea in connection with an incident in which he committed an armed robbery of a Family Dollar store. Additionally, Chambers' court-appointed appellate counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel permission to withdraw.

On May 24, 2018, Chambers entered a negotiated guilty plea to robbery and possessing an instrument of crime. He was sentenced the same day, pursuant to the negotiated plea agreement, to an aggregate eleven and one-half to twenty-three years' incarceration, followed by five years' probation. Chambers did not file a post-sentence motion or a direct appeal.

After filing various *pro se* motions and petition for relief pursuant to the Post Conviction Relief Act ("PCRA")[1] the trial court entered an order, granting in part and denying in part his PCRA petition, and reinstated Chambers' direct appeal rights *nunc pro tunc*, due to plea counsel's failure to file a requested direct appeal. Plea counsel was permitted to withdraw from representation after filing a **Finley**[2] no-merit letter.

Appellate counsel was appointed and filed a timely notice of appeal. Subsequently, appellate counsel filed an **Anders** brief and a petition to withdraw as counsel with this Court.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).

withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." ***Commonwealth v. Millisock***, 873 A.2d 748, 752 (Pa. Super. 2005).

An ***Anders*** brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

We find appellate counsel has complied with the preliminary requirements of ***Anders***. Appellate counsel filed a petition to withdraw, certifying he has reviewed the case and determined that Chambers's appeal is frivolous. Further, appellate counsel attached to his petition a copy of his letter to Chambers advising him of his rights, including his immediate right to proceed *pro se* and/or right to hire private counsel. Appellate counsel also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Chambers, and his assessment of why those issues are meritless, with citations to relevant legal authority. Appellate counsel has thus complied with the requirements of ***Anders***.

Chambers exercised his right to file a response, in which he asserts his appellate counsel "needs to work harder" on his case. *Pro Se* Response, 5/15/2020, at 1. Specifically, he states he informed his appellate counsel that he was forced to put his name on the plea colloquy, that plea counsel filled out the colloquy and had written in Chambers's initials for him. ***See id***. Further, he asserted that plea counsel answered affirmatively to numerous questions in the colloquy that he claims are lies, including whether he was fully informed and understood what he was pleading to, and whether he was forced to plead guilty. ***See id***., at 1, 5-6. We proceed to review the issues outlined in the ***Anders*** brief as well as Chambers' response.

In his ***Anders*** brief, appellate counsel raises a potential issue regarding the voluntariness of Chambers's guilty plea. Appellate counsel notes Chambers contends that his mental state prevented his guilty plea from being knowing, intelligent and voluntary. While brief and undeveloped, it is clear Chambers attempts to raise this matter in his response as well.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because [i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa. Super. 2013) (citations and internal quotation marks omitted).

- 4 -

Instantly, Chambers failed to properly preserve a claim challenging his guilty plea by either objecting during the plea colloquy or filing a post-sentence motion to withdraw the plea. **See** Pa.R.Crim.P. 720(B)(1)(a)(i). Accordingly, Chambers is not entitled to relief on a claim challenging his plea.

Even if we did not find the issue waived, we note the issue is without merit. The decision to allow a defendant to withdraw their plea post-sentence is a matter that rests within the sound discretion of the trial court. **See Commonwealth v. Muhammad**, 794 A.2d 378, 382 (Pa. Super. 2002). Furthermore, a request to withdraw a guilty plea made after sentencing is subject to a higher scrutiny "since courts strive to discourage [the] entry of guilty pleas as sentence-testing devices." **Commonwealth v. Flick**, 802 A.2d 620, 623 (Pa. Super. 2002) (citation omitted). Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a "manifest injustice." **Id**. (citation omitted). A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently. **See Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa. Super. 1999).

Moreover, once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. **See id**., at 790. Consequently, defendants are bound by statements they make at their guilty plea colloquy and may not successfully assert any claims that contradict those statements. **See Muhammad**, 794 A.2d at 384.

- 5 -

A review of the certified record amply supports our conclusion that Chambers is not entitled to withdraw his guilty plea post-sentencing.

Prior to the guilty plea hearing, Chambers completed a written guilty plea colloquy which set forth the elements of the offenses he was pleading to, the factual basis for the plea, the permissible range of sentences he could receive, and that the Court was not bound by the terms of the plea unless the judge accepted the plea agreement. *See* Guilty Plea Colloquy, 5/24/2018, at 1-3, 6-7. Chambers acknowledged that he read and understood the charges and that his plea counsel explained the elements of the offenses to which he was pleading guilty, and admitted to the offenses charged against him.

Plea counsel acknowledged Chambers suffered from mental health issues, but indicated he nevertheless understood the charges against him. *See id*., at 5. Chambers affirmed that no one had forced, threatened, or coerced him into pleading guilty, and no promises had been made to him other than the proposed agreement with the Commonwealth. *See id*., at 9. Finally, Chambers acknowledged he had enough time to discuss the charges with his plea counsel, he was satisfied with his representation, and plea counsel had answered any questions that he had concerning the document. *See id*.

During the oral guilty plea colloquy, Chambers affirmed he was not under the influence of any drugs or alcohol that would impact his ability to understand his plea. *See* N.T., Guilty Plea, 12/9/2019, at 5. Plea counsel again acknowledged Chambers' history with mental illness treatment - namely, for

depression and bipolar disorder - but affirmed that this history did not impact his competence to "think about his case, to communicate with me, or with the Court." *Id*., at 5-6. Chambers acknowledged he understood the written plea colloquy, that he had gone over every question with plea counsel, and that he had sufficient time with plea counsel to ask any questions he had regarding the rights he was giving up. *See id*., at 6-7. He further affirmed that no one had forced or threatened him in any way to induce his plea. *See id*., at 7.

Additionally, Chambers' plea counsel stated on the record that he had met with Chambers at least three or four times prior to the hearing and found Chambers to be communicative and conversational regarding his cases, including asking questions about the mechanisms of the legal process and trial process. *See id*., at 10. Plea counsel specifically stated he had no doubt that Chambers was competent to make the decisions he was making. *See id*. In accepting the negotiated plea, the court concluded the plea was knowingly, voluntarily, and intelligently made. *See id*., at 12.

In light of the comprehensive written and oral plea colloquy, which Chambers fully and willingly completed, we find no manifest injustice to support his claim that his plea was in any manner unknowingly, involuntarily, or unintelligently given. As a result, Chambers' first issue is waived, and alternatively without merit.

In the remaining issue raised in the **Anders** brief, appellate counsel raises a potential issue regarding the sentence imposed. Counsel notes Chambers contends his sentence should be reduced.

Because Chambers pled guilty, we must examine the effect of his guilty plea upon his sentencing claim. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

> It is well settled when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

**Id**. (citation omitted)

Here, Chambers negotiated the terms of his guilty plea, including the specific duration of the sentence with which he now takes issue. After accepting his plea, the trial court sentenced him to the agreed-upon sentence. Chambers did not challenge the validity of the plea proceedings or move to withdraw his plea. Therefore, Chambers received precisely the sentence for which he bargained, and cannot challenge the discretionary aspects of that

sentence. ***See Commonwealth v. Eisenberg***, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms … the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea"); ***see also Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991) (dismissing Appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under the terms of her negotiated plea agreement); ***Commonwealth v. Baney***, 860 A.2d 127, 131 (Pa. Super. 2004) (finding an appellant may not challenge the discretionary aspects of his sentence when his negotiated plea included the terms of his sentence). Accordingly, Chambers is not entitled to relief on a discretionary aspects claim.

As far as Chambers's attempts to raise a challenge to the legality of his sentence, although the issue would be properly before us, we find this claim without merit.

Chambers implied in his PCRA petition that he was illegally sentenced under the two-strike mandatory minimum statute. ***See*** 42 Pa.C.S.A. § 9714. As noted by plea counsel in his ***Finley*** no-merit letter, it would appear this claim is premised on the belief that his sentence is illegal in light of the Supreme Court of the United States's holding in ***Alleyne v. United States***, 570 U.S. 99 (2013) (holding that "facts that increase mandatory minimum

sentences must be submitted to the jury" and found beyond a reasonable doubt).

While Chambers's negotiated sentence was premised on the mandatory minimum sentence under Section 9714, Chambers is incorrect that that provision is unconstitutional under **Alleyne**. Mandatory minimum sentences predicated on prior convictions are an exception to the rule announced in **Alleyne**. **See id**., at 111 n.1.

As this Court has recognized, the mandatory minimum sentences set forth in section 9714 are predicated on prior convictions and, thus, that provision is not unconstitutional under **Alleyne**. **See Commonwealth v. Bragg**, 133 A.3d 328, 333 (Pa. Super. 2016) (recognizing that 42 Pa.C.S. § 9714 "is not unconstitutional under **Alleyne** as it provides for mandatory sentences based on prior convictions"), *aff'd*, **Commonwealth v. Bragg**, 169 A.3d 1024 (Pa. 2017) (*per curiam* order). Thus, Chambers' challenge to the legality of his sentence is meritless.

After an independent review of the record, we note that Chambers could potentially raise a claim of ineffective assistance of plea counsel, as he raised this matter in his *pro se* PCRA petition, and alludes to such a claim in his response to the **Ander's** brief. Such a claim, however, could only properly be brought on collateral review.

"Our Supreme Court has made clear that ineffectiveness claims are not to be raised in the first instance on direct appeal but must await collateral

review." ***Commonwealth v. Crosby***, 844 A.2d 1271, 1271-1272 (Pa. Super. 2004). An exception is made where the trial court has held a hearing on a claim of trial counsel ineffectiveness and the record has been fully developed on that issue. In that case, the Supreme Court has held it is appropriate for this Court to review an ineffectiveness claim on direct appeal. ***See id.***, at 1272.

Here, the trial court has not held a hearing on the issue and the record has not been developed at all on this issue. Therefore, we do not have a record upon which we can review an ineffectiveness claim. Accordingly, a claim regarding plea counsel ineffectiveness would be dismissed without prejudice. Chambers can raise this claim on collateral review where the PCRA court will be in a position to hold an evidentiary hearing on the claim, if necessary.

Having reviewed the issues raised in counsel's ***Anders*** brief, and after conducting our own independent review of the record, we agree with counsel that the within appeal is wholly frivolous.[3]  As such, we affirm the judgment of sentence and grant counsel leave to withdraw.

Judgement of sentence affirmed. Petition for leave to withdraw granted.

---

[3] We note our independent review of the record did not reveal any additional non-frivolous issues for appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/18/20